UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


NELSON NUNEZ, SR. and              *       CIVIL ACTION
JANELLE NUNEZ

versus                             *       NO. 07-7457

THE STANDARD FIRE INSURANCE        *       SECTION "F"
COMPANY


ORDER AND REASONS

Before the Court is defendant's Motion for Summary Judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This is a Hurricane Katrina homeowners insurance case. Standard Fire insured plaintiffs' home, located at 3205 Pecan Drive, Chalmette, Louisiana, with a standard homeowners insurance policy that was in effect when Katrina struck the Gulf Coast. The policy included a flood exclusion and had policy limits as follows: Coverage A (dwelling): $153,000; Coverage B (other structures): $15,300; Coverage C (personal property): $107,000; Coverage D (loss of use): $30,600; Additional Coverage for Shed and Fences: $26,600.

The plaintiffs' home sustained damaged during Katrina from wind, wind-driven rain, and flooding. Plaintiffs notified the defendant of their loss on September 1, 2005, and Standard Fire ultimately paid the plaintiffs $9,416.94 ($6,000 for living

1

expenses and $3,416.94 for property damage to their dwelling after subtracting the $3,060 deductible). The plaintiffs also filed a claim with their flood insurer, Fidelity National Insurance Company. Fidelity paid the plaintiffs $235,492.02 for damage to their home and $100,000 (the policy limits) for personal property loss.

Standard Fire moves for summary judgment, arguing that it has fully compensated the plaintiffs for all wind-related damage under the policy, and that all other damage was caused by flooding. It claims that the plaintiffs have not segregated their losses and have not shown that they have any remaining uncompensated damage. The defendant asserts that the plaintiffs' acceptance of payment for flood damage to the home from Fidelity amounts to an acknowledgment by the plaintiffs that those reimbursed damages were caused by floodwaters; as such, it is urged, the plaintiffs cannot also recover for those damages under their Standard Fire policy. Standard Fire adds that the plaintiffs submitted all of their property damage for reimbursement by Fidelity, and Fidelity's records do not indicate that any of plaintiffs' personal property was excluded from their claim. Therefore, Standard Fire insists that Fidelity adjusted the claim as though the entirety of the plaintiffs' personal property loss was caused exclusively by flooding.

The plaintiffs respond that the defendant has not met its

2

burden of proof to show that the plaintiffs losses fall under the flood exclusion. The plaintiffs assert that the amount received from Fidelity does not fully compensate them for their losses, and Fidelity did not make a clear determination that all of their losses were due to flood waters as opposed to wind-related damage. Therefore, the plaintiffs claim they are entitled to recovery from Standard Fire for wind-related losses that were not compensated by Fidelity.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment

is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

As this Court has previously noted, nothing bars the plaintiffs from collecting under their homeowners policy for wind damage and from collecting under their flood policy for flood damage if they can segregate and prove the two types of damages. See Deslonde v. Allstate Ins. Co., No. 07-4314, 2008 WL 440417, at *3 (E.D. La. Feb. 13, 2008); see also Wellmeyer v. Allstate Ins. Co., No. 06-1585, 2007 WL 1235042, at *2 (E.D. La. April 26, 2007).

As this and other Sections of this Court have acknowledged, this general principle, of course, is subject to a limitation: A plaintiff whose property sustains damage from both flood and wind

may clearly recover for his segregable wind and flood damages, *except* to the extent that he seeks to recover twice for the same loss. See id.; see also Weiss v. Allstate Ins. Co., No. 06-3774, 2007 WL 891869, at *1 (E.D. La. Mar. 21, 2007) (Vance, J.); Broussard v. State Farm Fire and Casualty Co., No. 06-8084, 2007 WL 2264535, at *2-3 (E.D. La. Aug. 2, 2007) (Vance, J.). This is well-established. See Cole v. Celotex Corp., 599 So.2d 1058, 1080 (La. 1992) ("As a general rule, the claimant may recover under all available coverages provided there is no double recovery").

The Fifth Circuit recently examined the issue of the burden of proof in cases in which one side claims wind damages and the other side claims flood damages. In Dickerson v. Lexington Insurance Co., the court of appeals stated that "[u]nder Louisiana law, the insured must prove that the claim asserted is covered by his policy." --- F.3d ---, 2009 WL 130207, at *3 (5th Cir. Jan. 21, 2009). Once the insured has done that, "the insurer [then] has the burden of demonstrating that the damage at issue is excluded from coverage." Id. If the insurer meets the burden of proving the policy exclusion, "the burden shifts back to the plaintiffs to prove the amount of segregable damage caused by the covered peril." Copelin v. State Farm Ins., No. 06-4115, 2009 WL 361088, at *6 (E.D. La. Feb. 12, 2009).

The threshold burden that the plaintiff must meet, of showing that his claim is covered by his policy, differs, depending on the

5

type of coverage.  For dwelling coverage under Coverage A, which is an "open peril" policy, the insured must show that he had a contract with the insurer and that he suffered "an accidental direct physical loss to the insured property."  Hyatt v. State Farm Ins. Co., No. 06-8792, 2008 WL 544182, at *2 (E.D. La. Feb. 25, 2008) (Vance, J.); see Ferguson v. State Farm Ins. Co., No. 06-3936, (May 9, 2007) (Berrigan, J.) ("[P]laintiffs have met their threshold burden of proving an accidental direct physical loss to the dwelling and other structures under Coverage A, as plaintiffs are the named insured; the policy was in effect on the date of loss; and the house was reduced to a slab as a result of Hurricane Katrina.").  The insurer must then prove the applicability of an exclusion.  Kodrin v. State Farm Fire and Casualty Co., Nos. 08-30092, 08-30169, 2009 WL 614521, at *4 (5th Cir. Mar. 11, 2009) (noting that the insured's home "was covered *unless* it was damaged by an enumerated exclusion, of which flooding was one").

However, the burden is heavier for the insured as to contents or personal property, which is covered under a "named" or "specific peril" policy.  In that instance, the insured is required to prove that personal property was lost or damaged due to a specific risk named in the policy, after which the burden would shift to the insurer to prove an exclusion applied.  Hyatt, 2008 WL 544182, at *3 (citing Opera Boats, Inc. v. La Reunion Francaise, 893 F.2d 103, 105 (5th Cir. 1990)); see Broussard v. State Farm Fire and Casualty

Co, No. 06-8084, 2007 WL 2264535, at *2-3 (Aug. 2, 2007) (distinguishing between the threshold burdens on the insured for contents versus dwelling coverage). In either case, a plaintiff ultimately must segregate "covered claims from non-covered claims when the defendant insurer meets its burden of proof regarding a defense of exclusion." Copelin, 2009 WL 361088, at *6.

A. Dwelling and Other Structures Coverage

The plaintiffs submit the affidavit of Larry Jones in support of their claim that their loss is covered under the Standard Fire policy because it was wind-related damage. Mr. Jones states that he was retained by the plaintiffs to examine their property and determine wind-related damage versus flood damage. He does not state if or when he actually examined the property, but makes general observations about the wind and rain in the Chalmette area during Katrina. He does make direct statements about the plaintiffs' home, however, asserting that the winds "caused failure of the roofing system" of their home and that "wind-driven rain entered the failed roofing system . . . for hours," causing "extensive wind-driven water damage . . . long before the flood occurred." Mr. Jones makes a curious statement at the end of his affidavit: "These observations were made and confirmed on hundreds of residences post-Katrina and are therefore global." The defendant urges that this statement means that Mr. Jones is basing his opinion on observations of other homes, and not the plaintiffs'

actual property, and therefore Mr. Jones has no personal knowledge of the plaintiffs property upon which to base his conclusions.

The Court cannot make credibility determinations as to evidence presented in support of a motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Therefore, while this last statement by Mr. Jones is somewhat troubling, the Court will not, at this time, question the affirmative opinions he made specifically regarding the plaintiffs' home: that winds caused the failure of the roofing system and that is what caused damage to their home long before the flood occurred. That is sufficient to shift the burden to Standard Fire to demonstrate that the damage at issue is excluded from coverage.

The defendant points to Fidelity's claim file for the plaintiffs' flood claims as evidence that all damage not reimbursed by Standard Fire was actually caused by flooding. Fidelity's file reveals that it paid the plaintiffs $235,492.02 for building damage, including repairs to the roof and the attic. Fidelity's file states that "[f]lood water engulfed the building causing extensive damage to the building and the contents" and that the "water set in the dwelling for several days." By accepting payment for damages under their flood policy, plaintiffs "tacitly confirmed that the damages identified were caused by flood." Perrien v. State Farm Ins. Co., No. 06-8087, 2008 WL 2788678, at *3 (July 14, 2008).

8

The burden then shifts back to the plaintiffs to "prove the amount of segregable damage caused by the covered peril." Broussard v. State Farm Fire and Casualty Co., No. 06-8084, 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007) (Vance, J.). But, the plaintiffs fail to meet their burden. They point to no evidence as to the amount of damage caused by wind as distinguished from the amount caused by water. They have not included any damage amounts, let alone evidence of what has not yet been paid, despite claiming that they have not been fully compensated for their losses. Mr. Jones' affidavit is not sufficient to establish which losses were caused by wind; he does not even attempt to segregate the damage to separate causes.

B. Contents and Personal Property

The plaintiffs face an even higher burden to establish a loss claim for contents. The plaintiffs must show, as a threshold matter, that the contents were damaged by a covered peril. See Hyatt, 2008 WL 544182, at *3. They have failed to make that showing. The plaintiffs have provided no documentation of their lost contents, let alone have they specified which contents were damaged by wind. The only reference to contents is in Mr. Jones' affidavit, in which he lists "contents" as a one of the things that "would have been" damaged had the home not been flooded. Further, the plaintiffs do not object to the defendant's statement that they submitted all their lost contents claims to their flood insurer.

9

Accordingly, the defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, March 24, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE